NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2010
Decided April 16, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-3906

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Indiana, Indianapolis Division |
| v. | |
| | No. 2:08CR00014-004 |
| DAVID LINDSAY, | |
| *Defendant-Appellant.* | William T. Lawrence, *Judge.* |

**O R D E R**

David Lindsay pleaded guilty to conspiring to distribute in excess of 500 grams of methamphetamine and possessing with intent to distribute at least 5 grams of methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 204 months' imprisonment. In the plea agreement he waived his right to appeal his conviction and sentence. He filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot identify any nonfrivolous

argument to pursue. Lindsay did not accept our invitation to respond to his lawyer's submissions, *see* CIR. R. 51(b), so we limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Lindsay does not seek to have his guilty plea set aside, so counsel rightly omits a discussion of the plea's voluntariness or the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Lindsay could challenge the reasonableness of his agreed-upon sentence, but properly concludes that such a challenge would be foreclosed by the appeal waiver. Because the guilty plea stands, so does the waiver. *See Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008).

Finally, counsel correctly points out that any challenge to the effectiveness of his representation in the district court should be explored in a collateral proceeding so that a more complete record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Lindsay's appeal.